Evan Ghaffari, Esq. [SBN: 337928]
**MORGAN & MORGAN LOS ANGELES, LLP**
633 W. 5th Street, Suite 2200
Los Angeles, CA 90071
Telephone: (213) 787-8589
Facsimile: (213) 418-3982
Email: eghaffari@forthepeople.com

*Attorneys for Plaintiff, KYLE ANDREW JORDAN*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

KYLE ANDREW JORDAN,

                              Plaintiff,

v.

UNITED STATES DEPARTMENT
OF JUSTICE; UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY; BRADY JAMES SMITH;
AND DOES 1 TO 10, Inclusive,

                              Defendant.

Case No.: **'24CV697 JLS JLB**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff KYLE ANDREW JORDAN, hereby sues Defendant(s), UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; BRADY JAMES SMITH; AND DOES 1 TO 10, Inclusive (hereinafter "Defendant") and alleges:

## NATURE OF THE ACTION

1. This action arises from an automobile collision that occurred on or about September 1, 2023, on or near Buckman Springs Road and Old Buckman Springs Road, in the City of Pine Valley, County of San Diego, State of California (hereinafter referred to as "INCIDENT").

2. The Court has concurrent and supplemental jurisdiction pursuant to 28 U.S.C. § 1346 as federal law regulates both the UNITED STATES DEPARTMENT OF JUSTICE and the

1  UNITED STATES DEPARTMENT OF HOMELAND SECURITY.

2      3.  Additionally, through the Federal Tort Claims Act, Federal employees, here

3  Defendant BRADY JAMES SMITH, may be found liable for their negligent acts committed

4  within the scope of their employment. The United States, through the Federal Tort Claims Act, is

5  responsible to injured persons or the common law torts of its employees in the same manner in

6  which the common law historically has recognized the responsibility of an employer for torts

7  committed by its employees within the scope of their employment.

8                                    **PARTIES**

9      4.  At all times mentioned herein, Plaintiff KYLE ANDREW JORDAN (hereinafter

10  referred to as "JORDAN"), is, and at all relevant times mentioned herein, an adult male, was and

11  is a resident of the County of SAN DIEGO, in the State of California.

12      5.  Defendant, UNITED STATES DEPARTMENT OF JUSTICE (hereinafter referred to

13  as "DOJ"), is, and at all relevant times mentioned herein, a government entity, which controls the

14  UNITED STATES DEPARTMENT OF HOMELAND SECURITY.

15      6.  Defendant, UNITED STATES DEPARTMENT OF HOMELAND SECURITY

16  (hereinafter referred to as "DHS"), is, and at all relevant times mentioned herein, a government

17  entity, and the employer of Defendant BRADY JAMES SMITH.

18      7.  Defendant, BRADY JAMES SMITH (hereinafter referred to as "SMITH"), is, and at

19  all relevant times mentioned herein, an adult male, was and is a resident of the County of SAN

20  DIEGO, in the State of California, and is and/or was the employee of the DHS and the United

21  States Border Patrol, as an on-duty Field Agent, dressed in full uniform, displaying a badge, and

22  operating an "Authorized Emergency Vehicle" at the time of the incident.

23      8.  PLAINTIFF is informed and believes and thereon alleges that Defendants are liable

24  under California Government Code §§ 815.2, 820, and 17001.

25      9.  The true names and capacities, whether individual, corporate, associate,

26  governmental, or otherwise of DOE 1 through DOE 10, inclusive, are unknown to Plaintiff at

27  this time, who therefore sues said Defendants by such fictitious names; and when the true names

28  and capacities of said Defendants are ascertained, Plaintiff will amend this Complaint

accordingly. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was negligent and is responsible in some manner for the events and happenings herein referred to and their negligence proximately caused the injuries and damages sustained by Plaintiff as herein alleged, either through said Defendants' own negligent conduct or through the conduct of their agents, servants, or employees, or in some other manner.

10. At all times relevant herein, each Defendant was the principal, agent, servant, employer, employee, supervisor, assistant, joint venture, co-partner and/or consultant of each other and, at all times relevant hereto was acting within the course and scope of such agency or relationship in the selection and hiring, retention, training and supervision of each and every other Defendant as an agent, employee and/or joint venture. Furthermore, that each said Defendant, while acting as a principal expressly directed, consented to, approved, affirmed and ratified each and every action taken by his co-Defendants, as hereinafter alleged. Plaintiff is informed, believes, and thereon alleges that said fictitiously named Defendants, thereby proximately causing Plaintiff's injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of agents, servants or employees, or due to their ownership, rental, use, repair, maintenance of the vehicle driven by Defendant SMITH in the collision.

## **COUNT I**

### **Negligence (Cal. Gov. Code §§ 815.2(a), 820(a))**

### **(By Plaintiff Against All Defendants)**

11. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of this Complaint as though fully set forth herein, and incorporates the same herein by reference.

12. Defendant SMITH owed a duty of care to operate his vehicle with due regard for the safety of all persons using the public streets, pursuant to applicable laws in the State of California and according to the DOJ and DHS's own rules, regulations, policies, statutes, and procedures.

13. At the time of the INCIDENT, PLAINTIFF JORDAN was duly restrained in his

vehicle traveling southbound on Buckman Springs Rd at or near Old Buckman Springs Rd in Pine Valley, CA 91962, in the County of San Diego when Defendant SMITH failed to properly clear approaching traffic (a violation of 1804(a) VC) as he drove forward and turned left, directly in front of Plaintiff JORDAN. Defendant(s) and each of them, so negligently, carelessly, and/or recklessly owned, operated, used, drove maintained, loaned and/or entrusted their motor vehicle at the aforesaid time and place, so as to proximately cause their motor vehicle to collide with the Vehicle Plaintiff JORDAN, was driving, thereby proximately causing injuries and damages complained of herein.

14. At all times material herein Defendant DOJ, controlling the government entity known as the United States Border Patrol was the employer of Field Agent Defendant SMITH dressed in full uniform, displaying a badge, and operating an "Authorized Emergency Vehicle" at the time of the incident. Plaintiffs are informed and believe and based thereon allege that Field Agent Defendant SMITH at all times material herein was in the course and scope of his employment with Defendant DOJ, as an on-duty Field Agent for the United States Border Patrol.

15. At the time of this INCIDENT, and all relevant times prior thereto, Defendants so negligently owned, entrusted, managed, maintained, hired, trained, supervised, operated and/or controlled their "Authorized Emergency Vehicle" and officers and agents such as Field Agent Defendant SMITH, so as to directly and legally cause injuries and damages to Plaintiff. This includes, but is not necessarily limited to the failure of Defendants DOJ and DHS to train its drivers/employees properly, and the failure of its drivers to use reasonable care in operating their vehicles. Defendants are liable for injury proximately caused by an act or omission of their employee(s) within the course and scope of employment.

16. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff sustained property damages, including but not limited to, the vehicle Plaintiff was driving at the time of the incident.

17. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body, shock and injury to his nervous system and person, all of which said injuries

1   have caused and continue to cause Plaintiff great mental, physical and nervous strain, pain and

2   suffering.   Plaintiff is informed and believes, and thereupon allege, that Plaintiff will thereby

3   continue to suffer from his injuries, all to Plaintiff's general damage in an amount according to

4   proof.

5         18. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants,

6   and each of them, Plaintiff was required to and did employ physicians and surgeons and various

7   healthcare providers to examine, treat, and care for Plaintiff and did incur medical, therapeutic

8   and related expenses in an amount according to proof.   Plaintiff is informed and believes, and

9   thereon alleges, that Plaintiff will incur medical, therapeutic and related expenses in the future, in

10   an amount according to proof.

11         19. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants,

12   and each of them, Plaintiff was required to and did lose time from his occupation and thereby

13   sustained loss of earnings and/or loss of earning capacity.   Plaintiff is informed and believes, and

14   thereon alleges, that Plaintiff will lose time in the future from said occupation and that Plaintiff's

15   respective future earning capacity has been impaired, all to his further loss, in an amount

16   according to proof.

17         20. Plaintiff JORDAN complied with the Federal Tort Claims Act (FTCA), 28 U.S.C. §

18   2671 regulating claims for property damage or loss, or personal injury, or death resulting from

19   the negligent or wrongful acts or omissions of an employee of U.S. Customs and Border

20   Protection (CBP) by timely filing an administrative tort claim against that agency, using

21   Standard Form 95 on or around February 13, 2024. The Defendant DOJ has responded that they

22   have received the claim on February 26, 2024. In their letter dated March 13, 2024, Hope L.

23   Swann (Paralegal Specialist in the Civil Division, Torts Branch), stated that "because your

24   client's claim concerns an alleged tort involving the Department of Homeland Security (DHS), I

25   am forwarding the claim to that agency. All further communication on this matter should be

26   directed to the DHS at the address listed below." The Department of Homeland Security has not

27   accepted or denied the claim to date. Plaintiffs bring this action to preserve their rights. This

28   complaint is therefore timely filed.

## COUNT II

**Vicarious Liability of Public Entity**

**Gov. Code §§ 815.2 and 820; and Veh. Code § 17001**

**(By Plaintiffs Against All Defendants)**

21. Plaintiffs repeat and re-allege the allegations of the preceding paragraphs of this Complaint as though fully set forth herein, and incorporates the same herein by reference.

22. Defendants owed a duty to exercise due care in the operation of the "Authorized Emergency Vehicle" owned by the DHS. Defendant SMITH negligently, carelessly and/or recklessly collided with Plaintiff's vehicle.

23. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants and each of them, Plaintiff was hurt and injured in his health, strength, and activity, sustaining injury to his body, shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous strain, pain and suffering.

24. Plaintiff is informed and believes, and thereupon alleges, that Plaintiff will thereby continue to suffer from his injuries, all to Plaintiff's general damages in an amount according to proof.

25. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was required to and did employ physicians and surgeons and various healthcare providers to examine, treat, and care for Plaintiff and did incur medical, therapeutic and related expenses in an amount according to proof. Plaintiff is informed and believes, and thereon alleges, that Plaintiff will incur medical, therapeutic and related expenses in the future, in an amount according to proof.

26. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants, and each of them, Plaintiff was required to and did lose time from their occupation and thereby sustained loss of earnings and/or loss of earning capacity. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff will lose time in the future from said occupation and that Plaintiff's respective future earning capacity has been impaired, all to the their further losses, in

1  an amount according to proof.

2      27. As a direct, proximate, foreseeable, and legal result of the conduct of the Defendants

3  and each of them, Plaintiff suffered property damages and loss of use of their respective motor

4  vehicle, all to their further economic loss, in an amount according to proof.

5      28. By reason of the foregoing, Plaintiff has been damaged in sums which exceed the

6  jurisdictional limits of all lower courts which would otherwise have jurisdiction, which amounts

7  will be shown according to proof at time of trial.

8      29. Plaintiff JORDAN complied with the Federal Tort Claims Act (FTCA), 28 U.S.C. §

9  2671 regulating claims for property damage or loss, or personal injury, or death resulting from

10  the negligent or wrongful acts or omissions of an employee of U.S. Customs and Border

11  Protection (CBP) by timely filing an administrative tort claim against that agency, using

12  Standard Form 95 on or around February 13, 2024. The Defendant DOJ has responded that they

13  have received the claim on February 26, 2024. In their letter dated March 13, 2024, Hope L.

14  Swann (Paralegal Specialist in the Civil Division, Torts Branch), stated that "because your

15  client's claim concerns an alleged tort involving the Department of Homeland Security (DHS), I

16  am forwarding the claim to that agency. All further communication on this matter should be

17  directed to the DHS at the address listed below." The Department of Homeland Security has not

18  accepted or denied the claim to date. Plaintiffs bring this action to preserve their rights. This

19  complaint is therefore timely filed.

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

1

## **PRAYER FOR RELIEF**

2        **WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as

3  follows:

4        1.     For general damages according to proof at the time of trial;

5        2.     For special damages according to proof at the time of trial;

6        3.     For lost wages and loss of earning capacity according to proof;

7        4.     For costs of suit incurred herein;

8        5.     For interest on damages to the extent available under law; and

9        6.     For such other and further relief as this Court deems just and proper.

10

11  Dated: April 17, 2024            **MORGAN & MORGAN LOS ANGELES,**

12                                   **LLP**

13

14                           By: /s/ Evan Ghaffari

15                              Evan Ghaffari, Esq.

16                              Attorneys for Plaintiff,

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR TRIAL BY JURY**

2      Plaintiff hereby demands a trial by jury as to all issues set forth herein which are so

3   triable.

4

5   Dated: April 17, 2024              **MORGAN & MORGAN LOS ANGELES, LLP**

6

7

8                          By: /s/ Evan Ghaffari

9                              Evan Ghaffari, Esq.
                             Attorneys for Plaintiff,

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEMAND FOR JURY TRIAL